IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CARLOS ALBERTO GARAY, JR.                                              PLAINTIFF

v.                         Civil No. 4:18-cv-4148

CAPTAIN ADAMS, Miller County Detention
Center (MCDC); LIEUTENANT MILLER, MCDC;
SERGEANT GRIFFIE, MCDC; and SERGEANT
SANDERS, MCDC                                                         DEFENDANTS

## ORDER

Plaintiff Carlos A. Garay, Jr., filed this civil rights case *pro se*, pursuant to 42 U.S.C. § 1983 while he was an inmate of the Miller County Detention Center. With his complaint, Plaintiff submitted an *in forma pauperis* ("IFP") application. However, he failed to have the certification regarding inmate funds held in his name completed by an appropriate detention center official. The Court entered an Order (ECF No. 3) giving Plaintiff until November 16, 2018, to either pay the $400 filing fee or submit an IFP application with the certificate portion of the application completed by the appropriate detention center. Plaintiff was advised that if he failed to comply with the Order by the provided deadline, this case would become subject to summary dismissal for failure to obey an order of the Court.

The Court's order also advised Plaintiff that he was required to "immediately inform the Court of any change of address." He was advised that he would have thirty days from the date of transfer or release from a facility to notify the Court of his new address. Finally, he was told that "[f]ailure to inform the Court of an address change shall result in the dismissal of this case." (ECF No. 3). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of

Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

On November 6, 2018, mail sent by the Court to Plaintiff was returned as undeliverable from the Miller County Detention Center marked: "Return to sender. Not here." To date, Plaintiff has not complied with the Court's order and his time to do so has passed. Plaintiff has not provided the Court with a new address. Plaintiff has not contacted the Court in any way after initiating this action on October 26, 2018.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with the Court's order requiring that he either pay the full filing fee or submit a completed IFP application by November 16, 2018. Plaintiff has also failed to keep the Court informed of his current address. Accordingly, the Court finds that Plaintiff's complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to obey an order of the Court and his failure to comply with Local Rule 5.5(c)(2).

**IT IS SO ORDERED**, this 11th day of December, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge