IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CARLOS ALBERTO GARAY, JR.                                              PLAINTIFF

            v.                    Civil No. 4:18-cv-04148

CAPTAIN ADAMS, Miller County Detention
Center (MCDC); LIEUTENANT MILLER, MCDC;
SERGEANT GRIFFIE, MCDC; SERGEANT
SANDERS, MCDC; CORPORAL ROGERS, MCDC; and
CORPORAL SMITH, MCDC                                                   DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by Carlos Alberto Garay, Jr. ("Garay") pursuant to 42 U.S.C. § 1983.   Garay proceeds *pro se* and *in forma pauperis*.

At all times relevant to this case, Garay was incarcerated in the Miller County Detention Center ("MCDC").   Garay maintains his constitutional rights were violated when the MCDC staff unlawfully detained him for two days after he was entitled to release.[1]   Garay has named as Defendants:  Captain Adams; Lieutenant Miller; Sergeant Griffie; Sergeant Sanders; Corporal Rogers; and Corporal Smith.   Garay has sued the Defendants in both their individual and official capacities.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.   Specifically, the case is before me for the issuance of

---

[1] Garay at times refers to his being held three days beyond the sixty-day sanction ordered by the court.   However, it appears clear from his summary judgment response and his referenced discussion with Captain Adams. that Garay maintained he should be released on June 16th instead of the 18th (ECF No. 24 at 2).

1

this report and recommendation on Defendants' Motion for Summary Judgment (ECF Nos. 19-21).   Garay filed a response (ECF No. 24).   Defendants filed a reply brief (ECF No. 25).

## I.   BACKGROUND

Garay asserts that he was arrested on April 17, 2018.   However, the bench warrant indicates it was served on April 19th.   (ECF No. 19-5).   Garay was not booked into the MCDC until April 19th.   (ECF No. 19-4 at 1).

On May 8th, Garay appeared in the Miller County Circuit Court and was sanctioned to sixty days in jail, given twenty-one days of jail credit, and his probation was reinstated.   (ECF No. 19-2 at 1); (ECF No. 19-6 at 1).   His release date was given as June 18th.   *Id.*   Garay was released on June 18th.   (ECF No. 19-1 at 2).

On May 17th, Garay submitted a grievance stating that his sixty-day sanction should result in a release date of June 15th.   (ECF No. 19-1 at 68).[2]   Garay pointed out he was arrested on April 17th which counts as part of his jail credit.   *Id.*   If he was held until June 18th, Garay asserted that his sanction would be sixty-three days.   *Id.*   Sergeant Griffie responded that the sanction does not start from the date of arrest.   *Id.*

On May 23rd, Garay submitted a grievance noting that his arrest date was April 17th; he was given a sixty-day sanction; and jail credit counted the day of his arrest.   (ECF No. 19-3 at 7).   Garay indicated that Lieutenant Miller had advised him that his release date was June 18th.   *Id.*   According to Garay, this meant he would be confined sixty-three days instead of sixty-days.   *Id.*

On June 14th, Garay submitted a grievance which he asked to be forwarded to Captain Adams.   (ECF No. 19-3 at 70).   Garay refers to a conversation he had with Captain Adams in

---

[2] This exhibit contains multiple pages of grievances submitted during another of Garay's incarcerations which are not relevant to this case.

which they discussed the issue of his "sixty-day sanction being the 16th of this month instead of the 18th?  Has that been confirmed for me to be released since I already have 21 days of jail credit as of my court date which was 5/8/18?"  *Id.*  Corporal Rogers responded that he would check on it and see what he could find out.  *Id.*

By affidavit, Al Landreth, the jail administrator for the MCDC, states that the "Court loads release information into the system and that is the information the [MCDC] is to go by for release dates.  [The MCDC] does not calculate the release date; the Court does and instructs us on when to release."  (ECF No. 19-1 at 1).

## II.   LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists."  *Nat'l. Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita*, 475 U.S. at 586.  "They must show there is sufficient evidence to support a jury verdict in their favor."  *Nat'l. Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment."  *Id.* (*citing Metge v.*

3

*Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).   "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."   *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

Defendants maintain they are entitled to summary judgment for the following reasons:   (1) even assuming Garay's calculation is correct, the MCDC is given the release date by the Court and as such there can be no showing of deliberate indifference on the part of any of the named Defendants; (2) Defendants are entitled to qualified immunity; (3) no official capacity claim is stated as there is no evidence of any policy or custom that was the moving force behind the alleged constitutional violation; and (4) Garay failed to exhaust his administrative remedies against Defendants Miller, Sanders, and Smith.

**(A).   Unlawful Detention**

The Court of Appeals for the Eighth Circuit has recognized "a protected liberty interest in being free from wrongful, prolonged incarceration.   *Davis v. Hall*, 375 F.3d 703, 712 (8th Cir. 2004).   The unlawful detention issue arises in a variety of contexts such as where there is an extended detention prior to an initial court appearance, or when out-processing procedures delay the release of the individual, or when an individual is held after a court orders his release.   *See e.g., Lund v. Hennepin Cty.,* 427 F.3d 1123, 1126 (8th Cir. 2005)(substantive due process rights not violated by a 12-hour delay in releasing detainee after a judge ruled he was not required to post bail); *Hayes v. Faulkner Cty., Ark.*, 388 F.3d 669, 674 (8th Cir. 2004)(38 day pre-appearance detention violated due process); *Davis*, 375 F.3d at 718 (8th Cir. 2004)(57 day prolonged detention

after the court ordered immediate release presents a constitutionally protected liberty interest which was clearly established in 2004).    Thus, "[g]enerally prolonged detention beyond the term authorized by law unlawfully deprives a prisoner of rights protected under the due process clause of the Fourteenth Amendment."    *Russell v. Hennepin Cty.,* 420 F.3d 841, 846 (8th Cir. 2005).    It is clear from these cases that the court must consider both the length of the delay and the reason for the delay.

In *Davis v. Hall*, Davis was incarcerated for fifty-seven days after a judge orally, and in the sentencing order, directed his immediate release.    The Eighth Circuit stated that:

> Davis's § 1983 complaint implicates a constitutionally protected interest under the Fourteenth Amendment's guarantee of due process of law, but prolonged detention does not rise to the level of a Fourteenth Amendment violation unless the defendants acted with the requisite state of mind.    The protections of the Due Process Clause are triggered when the official's conduct was conscience-shocking and when the official violated one or more fundamental rights that are deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed.    The Supreme Court has taken a context-specific approach to determining whether intermediate culpable states of mind, such as recklessness, support a section 1983 claim by shocking the conscience and, thus, violating due process.

*Id.* at 718 (internal punctuation marks and citations omitted).    In the case before it, the Eighth Circuit held that "Davis will have to prove that the defendants were deliberately indifferent to his plight in order to prevail on his Fourteenth Amendment claim."    *Id.*

Garay maintains that if the release date is calculated correctly, he should have been released prior to June 18th—on the 16th.    As Defendants point out, the Court calculated the release date and provided it to them.    The face of the court document does not appear to contain a computational error.    Additionally, both the warrant return and the booking documents contain the date of April 19th not April 17th.    Under these circumstances, Defendants' conduct in holding

5

Garay until the release date calculated by the Court--two days after that calculated by Garay--cannot be said to show the existence of a genuine issue of material fact as to whether Defendants acted with deliberate indifference. Such circumstances certainly do not "shock the conscience" as required by *Davis*.

### (B). Qualified Immunity

Having found that the facts do not make out a constitutional violation, Defendants are entitled to qualified immunity. *See, e.g., Krout v. Goemmer*, 583 F.3d 557, 564 (8th Cir. 2009) (unless the facts make out a violation of a constitutional right the Defendant is entitled to qualified immunity).

### (C). Official Capacity Liability

Garay has presented no evidence of the existence of a policy or custom of Miller County in unlawfully detaining inmates past their release dates. Absent such evidence, Miller County cannot be held liable. *See Lund*, 427 F.3d at 1125 ("In order to make out a case of municipal liability against the County, Lund must show that his constitutional injury was caused by a policy or custom of the municipality, the implementation of which amounted to deliberate indifference to his constitutional rights")(citations omitted).

### (D). Exhaustion of Remedies

Defendants maintain Garay failed to exhaust his administrative remedies against Defendants Miller, Sanders, and Smith. In fact, Defendants argue that Garay did not communicate with, or point to any actions taken by, these three Defendants. The Court agrees, Defendants Miller, Sanders, and Smith cannot be held liable under the facts and pleadings here.

## IV.   CONCLUSION

For the foregoing reasons, I recommend that Defendants' Motion for Summary Judgment (ECF No. 19) be granted and this case be dismissed with prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 28th day of January 2020.

*/s/  Barry A. Bryant*

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE