IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CARLOS ALBERTO GARAY, JR.                                              PLAINTIFF

v.                                    Civil No. 4:18-cv-4148

CAPTAIN ADAMS, Miller County Detention
Center (MCDC); LIEUTENANT MILLER, MCDC;
SERGEANT GRIFFIE, MCDC; and SERGEANT
SANDERS, MCDC; CORPORAL ROGERS, MCDC;
and CORPORAL SMITH, MCDC                                               DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed on January 28, 2020, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 26). Judge Bryant recommends that the Court grant Defendants' motion for summary judgment and dismiss this case. Plaintiff Carlos Alberto Garay, Jr. has filed objections. (ECF No. 28). The Court finds the matter ripe for consideration.

### I. BACKGROUND

Plaintiff alleges that he was arrested on April 17, 2018.[1] He was booked into the Miller County Detention Center ("MCDC") on April 19, 2018. On May 8, 2018, the Miller County Circuit Court sentenced Plaintiff to spend sixty days in jail, with twenty-one days of jail credit. Plaintiff was released from the MCDC on June 18, 2018.

On October 26, 2018, Plaintiff filed this action *pro se* pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants were deliberately indifferent to his constitutional rights by detaining him in the MCDC for several days after he was supposed to be released. In short,

---
[1] However, the bench warrant for Plaintiff's arrest indicates that it was served on April 19, 2018. (ECF No. 19-5).

Plaintiff contends that his jail credit should have run back to the date of his arrest, April 17, 2018, rather than the date he was booked into the MCDC, April 19, 2018. Thus, Plaintiff believes that he should have been released from the MCDC on June 16, 2018, instead of June 18, 2018.

On July 5, 2019, Defendants filed a motion for summary judgment. (ECF No. 19). Defendants contend that they are entitled to summary judgment as a matter of law on Plaintiff's claims because: (1) there is no evidence establishing deliberate indifference; (2) they are entitled to qualified immunity; (3) there is no evidence establishing an unconstitutional policy or custom of Miller County, Arkansas; (4) there is no evidence giving rise to supervisory liability; and (5) Plaintiff did not fully exhaust his administrative remedies for his claims against Defendant Miller, Sanders, and Smith before filing this lawsuit.

On January 28, 2020, Judge Bryant issued the instant Report and Recommendation. He finds that Defendants were not deliberately indifferent to Plaintiff's constitutional rights. Judge Bryant also finds that Plaintiff's official capacity claims fail because he has not demonstrated evidence of an unconstitutional policy or custom by Miller County. Judge Bryant finds further that Plaintiff did not fully exhaust his administrative remedies for his claims against Defendants Miller, Sanders, and Smith prior to bringing this action. Accordingly, Judge Bryant recommends that the Court grant Defendants' motion and dismiss this case with prejudice. On February 11, 2020, Plaintiff filed objections to the Report and Recommendation.

### III. DISCUSSION

When reviewing a magistrate judge's Report and Recommendation, "the specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to

trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). In the absence of specific objections, the Court "need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note, subd. (b).

The Court will conduct a *de novo* review of all issues related to Plaintiff's specific objections. His objections reiterate his belief that his jail credit should have run back to April 17, 2018, instead of April 19, 2018. He also states that he spoke to an officer who was present during his arrest and has proof of that conversation, which he will provide "if needed and necessary."

The first part of Plaintiff's objections does not point to any specific error of fact or law in the Report and Recommendation. Instead, he makes the same arguments he made in his response to Defendants' summary judgment motion: that his jail credit should have begun running on April 17, 2018. "Simply restating arguments and facts already presented to the Magistrate Judge does not constitute a viable objection to a report and recommendation." *Munt v. Larson*, No. 15-CV-0582 SRN/SER, 2015 WL 5673108, at *7 (D. Minn. Sept. 23, 2015).

As for the second part of Plaintiff's objections, although he contends that he has proof of a conversation between him and his arresting officer, he does not provide any such evidence or otherwise describe the conversation. Moreover, even if he had, it could not have constituted a viable objection. A party may not assert arguments, claims, or legal theories in his objections to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration. *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012); *Chaney v. Hutchinson*, No. 4:18-cv-0478-BSM, 2018 WL 4134639, at *1 (E.D. Ark. Aug. 29, 2018) (citing *Hylla v. Transp. Commc'ns Int'l Union*, 536 F.3d 911, 921 (8th Cir. 2008)).

"[T]he purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court." *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000). To hold otherwise would effectively give a party "two opportunities for judicial review." *Id.* When Plaintiff responded to Defendants' summary judgment motion, he had the opportunity to provide any evidence that he believed would show a genuine dispute of material fact for trial. Plaintiff cannot now offer evidence that was not first presented to Judge Bryant for consideration.

Even when liberally construed, Plaintiff's objections do not object to Judge Bryant's findings that Plaintiff failed to establish deliberate indifference, failed to establish an unconstitutional policy or custom of Miller County, and failed to exhaust his administrative remedies for his claims against Defendants Miller, Sanders, and Smith. Therefore, the Court finds that Petitioner's objections offer neither law nor fact which would cause the Court to deviate from Judge Bryant's Report and Recommendation, to the extent that it recommends granting Defendants' summary judgment motion.

However, before concluding, the Court must address the threshold issue of exhaustion of remedies. After having conducted a merits-based analysis, the Report and Recommendation finds that Plaintiff failed to exhaust his administrative remedies as to Defendants Miller, Sanders, and Smith because he did not communicate with them or point to any actions taken by them before filing this lawsuit.[2] Despite this, the Report and Recommendation then recommends dismissal with prejudice of all claims against all Defendants, including Miller, Sanders, and Smith.

Ordinarily, this recommendation would be erroneous because it is well established that failure to exhaust is a threshold issue and the dismissal of any claims on that basis must be done

---

[2] As will become clear below, this is not the appropriate standard for determining exhaustion of administrative remedies.

without prejudice. *See, e.g.*, *Reed v. Anderson*, No. 5:11-cv-0111-DPM/JTR, 2011 WL 4709884, at *2 (E.D. Ark. Sept. 9, 2011) (citing *Barbee v. Corr. Med. Servs.*, 394 F. App'x. 337, 338 (8th Cir. 2010)). In other words, if the Court agrees with the Report and Recommendation's finding that Plaintiff failed to exhaust his administrative remedies for claims against certain defendants, those claims must be dismissed without prejudice and the Court cannot reach the merits as to those defendants. *Id.* However, for the following reasons, the Court respectfully disagrees with the Report and Recommendation's finding that Plaintiff failed to exhaust his administrative remedies.

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]o properly exhaust administrative remedies[,] prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 599 U.S. 199, 218 (2007) (internal quotation marks omitted). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly*."). A prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).

Defendants argue that Plaintiff failed to exhaust his administrative remedies as to Defendants Miller, Sanders, and Smith because he did not specifically name them in any grievance

5

that he submitted while incarcerated in the MCDC. In support of this argument, they cite to an opinion from the Eastern District of Arkansas that dismissed section 1983 claims for failure to exhaust where the plaintiff did not specifically name certain defendants in a grievance before filing the case. *Waller v. Kelley*, 956 F. Supp. 2d 1007, 1013-14 (E.D. Ark. 2013). However, that case is distinguishable from the case at bar because the plaintiff in that case was incarcerated in the Arkansas Department of Correction ("ADC"), which has a provision in its grievance policy requiring prisoners to specifically name all individuals involved with an alleged incident so that a proper investigation may be conducted. *Id.* at 1010-11. The *Waller* court reasoned that the plaintiff's failure to comply with this provision deprived ADC officials "of the opportunity to investigate and correct any problems associated" with those allegedly involved with a complained-of incident. *Id.* at 1014.

As stated above, the question of whether an inmate exhausts his administrative remedies is answered based on whether the inmate fully complied with the grievance policies of the prison at issue. *Jones*, 599 U.S. at 218. Exhaustion of administrative remedies is an affirmative defense that Defendants bear the burden of proving. *Raymond v. Bd. of Regents of the Univ. of Minn.*, 847 F.3d 585, 589 (8th Cir. 2017). At all times relevant to this case, Plaintiff was incarcerated in the MCDC, not the ADC. Defendants have not shown that the MCDC has a similar grievance policy like that of the ADC, requiring that inmates' grievances must specifically name all individuals being complained about.[3] This case is at the summary judgment stage and the Court cannot draw that inference against Plaintiff, the nonmoving party. Without evidence establishing the MCDC's grievance policy, the Court cannot determine that Plaintiff failed to fully comply with that policy in order to exhaust his administrative remedies. Therefore, the Court finds that Defendants have

---

[3] In fact, Defendants have not offered evidence of any portion of the MCDC's grievance policy.

not carried their burden of showing that Plaintiff failed to exhaust his administrative remedies as to Defendants Miller, Sanders, and Smith.

With that threshold issue addressed, Judge Bryant's merits-based analysis now applies to all Defendants. As discussed above, Plaintiff has not made a viable objection to any of Judge Bryant's merits-based findings. Thus, Plaintiff has not pointed the Court to a clear error of fact or law requiring departure from the Report and Recommendation's merits-based analysis. Accordingly, Defendants are entitled to dismissal of all claims against them with prejudice.

## IV. CONCLUSION

Upon *de novo* review of all issues related to Plaintiff's specific objections and for the reasons discussed above, the Court finds no clear error on the face of the record that requires deviation from the ultimate recommendation of dismissal of all claims with prejudice. Thus, the Court overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 26) insofar as it recommends dismissal of all claims with prejudice. Defendants' motion for summary judgment (ECF No. 19) is hereby **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 12th day of February, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge